## HEYL v. TAYLOR.

(Supreme Court, Appellate Division, First Department.   April 8, 1910.)

1. CREDITORS' SUIT (§ 12*)—WHEN MAINTAINABLE—NECESSITY OF LIEN.

   The equitable interests of a judgment debtor can only be reached by an action in equity, but for this purpose the creditor must first secure a lien.

   [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 46–66; Dec. Dig. § 12.*]

2. CREDITORS' SUIT (§ 33*)—APPOINTMENT OF RECEIVER—REALTY IN FOREIGN STATE.

   Where a creditor has obtained a judgment against his debtor in New York, and the debtor owns real estate in Connecticut, the fact that the creditor must pursue his legal remedies against such realty in the courts having jurisdiction of the property is no reason why the court in New York should, on a bill for that purpose, appoint a receiver and order him to sell such real estate, where such decree could not be made if the property to be affected were within the jurisdiction of the New York court.

   [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 133–144; Dec. Dig. § 33.*]

3. CREDITORS' SUIT (§ 33*)—APPOINTMENT OF RECEIVER—REALTY OF FOREIGN STATE.

   Where a creditor has obtained a judgment against his debtor in New York, and it is shown on supplementary proceedings that his only property is real estate in Connecticut, an action will not lie by the creditor in New York for the appointment of a receiver and for an order directing defendant to convey the realty to such receiver and for the latter to sell the same in satisfaction of the judgment.

   [Ed. Note.—For other cases, see Creditors' Suit, Dec. Dig. § 33.*]

Appeal from Special Term, New York County.

Action by George Edward Heyl against Henry A. Taylor. From an interlocutory judgment overruling demurrer to the complaint, defendant appeals. Reversed.

See, also, 64 Misc. Rep. 31, 117 N. Y. Supp. 916.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Oscar B. Bergstrom, for appellant.

I. Balch Louis, for respondent.

MILLER, J.   The complaint alleged the rendition and entry of a judgment in a court of record in this state in favor of the plaintiff and against the defendant; the issuance and return of an execution unsatisfied; the examination of the judgment debtor in proceedings supplementary to execution; the discovery on the examination that the only property which the judgment debtor had, aside from a small amount of personal property, was certain real estate, situate in the state of Connecticut. It prayed for the appointment of a receiver, that the defendant be directed to convey said real property to such receiver, and that the latter be authorized and directed to sell the same, or so much thereof as might be necessary, and apply the proceeds to the satisfaction of the plaintiff's judgment.

Actions to compel a judgment debtor to make discovery of his property are now regulated by sections 1871 et seq., Code Civ. Proc.   Sec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions 1873 and 1874 provide what property may be reached by the final judgment in such an action, i. e., personal property and an interest in a land contract. The statute does not provide that the real property of the judgment debtor may be sold, pursuant to a final judgment in such an action, for the obvious reason that such property may be sold on execution; and other sections of the Code of Civil Procedure prescribe how such sales must be conducted and how redemption therefrom may be made. See section 1432 et seq. Of course, the equitable interests of a judgment debtor can only be reached by an action in equity; but it is elementary that the plaintiff's legal remedies must first be exhausted, and, where the creditor seeks to set aside a conveyance by the debtor of real property as fraudulent, the creditor must first obtain a lien.

If the real property in question here were situate in this state, the legal title being in the judgment debtor, the plaintiff could only obtain a sale of it in the manner pointed out by the statute; and the judgment debtor would have a year, and creditors three months after the expiration of such year, to redeem. But it is asserted that a court of equity may render a decree affecting the title to property beyond its jurisdiction which it could not render, if such property were within its jurisdiction, that the mere fact that the court has no jurisdiction of the property gives it jurisdiction to compel a conveyance of it under the guise of a judgment in personam. No doubt, in a proper case, that may be done; but surely some fact must exist calling for the interposition of equity. Actions to avoid transfers for fraud, to reach equitable interests, to enforce trusts, to compel the specific performance of contracts, are matters of equitable cognizance; and, having jurisdiction of the parties, no reason can be perceived why a court of equity might not render a judgment in personam, the direct result of which might be to affect the title to property beyond the jurisdiction of the court. But that should not be done unless the case is one for equitable cognizance.

It is familiar law that real property is governed by the lex loci rei sitæ. The record does not disclose what the statutes of Connecticut provide with respect to the sale of real property on execution or the right of a judgment debtor or his creditors to redeem from such sales; but those statutes, whatever they be, must govern sales of the real property of judgment debtors. Legal remedies are open to the plaintiff, and the fact that he must pursue them in the courts having jurisdiction of the property is no reason why this court should make a decree which could not be made if the property to be affected were within its jurisdiction.

It must be admitted that there is some support in the books of the plaintiff's right to maintain this action. Many dicta can be found to the effect that our courts will compel judgment debtors to turn over lands in other states for the benefit of their creditors, for which Mitchell v. Bunch, 2 Paige, 606, 22 Am. Dec. 669, is cited as an authority. The complainant in that case was a resident of Havana; the defendant, a resident of Carthagena. The bill alleged, inter alia, that by reason of a war existing between Spain and Columbia the com-

plainant could not prosecute in the courts of the latter country to recover the amount of his judgment, and prayed a decree and for satisfaction of the judgment "out of the property, choses in action, and equitable interests of the defendant." The decision was made on an application to discharge a ne exeat. At the outset of his opinion, the chancellor declined to pass on the question whether real property out of the jurisdiction of the court could be applied in satisfaction of the complainant's judgment.

The only other case in this state in which the question appears to have been even indirectly involved is Bailey v. Rider, 10 N. Y. 363. That was a creditors' bill to reach equitable interests of the judgment debtor in land, situate in the state of Indiana. While the bill was dismissed as to the answering defendants, who, the plaintiff alleged, held title as trustees for the judgment debtor, the court directed the judgment debtor to make a conveyance of 40 acres of the tract involved, upon his admission that he had title thereto. That was done upon the authority of Mitchell v. Bunch, supra, apparently without independent consideration of the question, and evidently without serious objection. It is to be noted that the bill did state a case for equitable cognizance. While the court did direct a conveyance of the 40 acres to which the judgment debtor had the legal title, I do not think that that case can be said to be an authority for the proposition that jurisdiction can ever be conferred upon a court merely because the property sought to be reached is beyond its jurisdiction.

In Massie v. Watts, 6 Cranch, 160, 3 L. Ed. 181, Chief Justice Marshall said:

"This court is of opinion that, in case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree."

And that statement was quoted by Cullen, J., in Chase v. Knickerbocker Phosphate Company, 32 App. Div. 400, 53 N. Y. Supp. 220. I can think of no case, and have found none from such research as I have been able to make, to add to that classification.

The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint upon payment of costs in this court and in the court below. All concur.